In re William Stanley BAWDEN, Eleanor B. Bawden, Debtors.

Eleanor B. BAWDEN, Plaintiff,

v.

FIRST SOUTHERN FEDERAL SAVINGS AND LOAN ASSOCIATION and Alabama Commission on Higher Education, Defendants.

Adv. No. 85–0097.

United States Bankruptcy Court, M.D. Alabama, N.D.

Nov. 1, 1985.

Earl Gillian, Jr., Montgomery, Ala., for debtors/plaintiff.

Teresa R. Jacobs, Sp. Asst. Atty. Gen., Alabama Com'n on Higher Educ., Montgomery, Ala., for defendants.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

A. POPE GORDON, Bankruptcy Judge.

The debtor's complaint to determine dischargeability of a debt was heard October 22, 1985. Present were counsel for the plaintiff debtor and counsel for defendant Alabama Commission on Higher Education.

This court has authority to hear and determine this matter as a core proceeding under 28 U.S.C. § 157(b). These findings of fact and conclusions of law are made pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, and are based upon the pleadings, briefs and arguments of counsel, and evidence before the court.

The facts are not in dispute. Defendant First Southern Federal Savings and Loan Association is a creditor of the debtor. The debt was listed in the debtor's schedule of debts filed with the petition under Chapter 7 of the Bankruptcy Code. The creditor was duly notified of the bankruptcy proceedings by this court.

The debt was a loan made under the Alabama Guaranteed Student Loan Program (AGSLP) and assigned to the Alabama Commission on Higher Education (ACHE), who is the guarantor. The debtor endorsed the AGSLP promissory note which her student daughter, Elizabeth Bawden, signed as the maker. The application for the loan signed by the student daughter named the daughter as the borrower. It was not signed by the debtor.

The debtor endorser now seeks to be discharged from this indebtedness. ACHE contends that the debt is nondischargeable under 11 U.S.C. § 523(a)(8), which excepts certain guaranteed educational loans from the debtor's general discharge. The court does not agree.

This is a case of first impression in this district. In determining this case, the court follows the general rule that exceptions to discharge are to be narrowly construed against the creditor and in favor of the debtor. *In re Gelfaud,* 12 C.B.C.2d 682, 47 B.R. 876 (Bkrtcy.E.D.Pa.1985) citing *In re Decker,* 595 F.2d 185 (3d Cir. 1979). Also, in determining whether a particular debt falls within one of the exceptions of § 523, the statute should be strictly construed against the objecting creditor and liberally construed in favor of the debtor. 5 Collier Bankruptcy, 15th Ed., ¶ 523.-05A.

The debtor relies upon *In re Boylen,* 29 B.R. 924 (Bkrtcy.N.D.Ohio 1983) and *In re Washington,* 41 B.R. 211 (Bkrtcy.E.D.Va. 1984). In *Boylen,* Judge White ruled that the provisions of § 523(a)(8) did not apply to a husband co-maker on his ex-wife's student loan. In *Washington,* Judge Shelley ruled these provisions did not apply to the parent co-makers on their daughter's student loan. The court is impressed with the reasoning and conclusions of these cases and adopts much of their language.

As a general rule, § 523(a)(8) provides that educational loans are excepted from a debtor's discharge. More specifically, § 523(a)(8) provides:

> A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ... for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a non-profit institution ...

The provision is self-executing which means simply that educational loans are presumed to be not discharged in bankruptcy unless an affirmative act is taken to seek determination of the dischargeability of the debt. However, a threshold issue for this court is whether endorsers who are not students are covered by the provisions of § 523(a)(8). Stated differently, the issue

is whether as to this particular debtor the loan is indeed an "educational loan."

In *Washington,* Judge Shelley faced that same issue. As did Judge White in *Boylen,* Judge Shelley relied heavily upon the policy underlying the provisions of § 523(a)(8) as articulated in the legislative history to the Bankruptcy Code.

Considerable debate over the student loan exception to discharge at its enactment leaves us now with extensive legislative history as to the intent of that statute. The legislative history provides clearly that the student loan exception was intended to treat "students" differently than other debtors. *In re Boylen,* 29 B.R. at 926. Congress was unwilling to grant students the same discharge as other debtors where the students took out educational loans and then attempted to discharge those obligations after completing their education.

What [this provision] does prevent is that when a student gets through school, having taken a student loan, comes out, and says, "Well, it is nice to get a fresh start. I will not pay back my loan. I will declare bankruptcy and I will not have to worry about it." And discharge the only loan they have which is a student loan.

124 Cong.Rec.H. 466 (daily ed. February 1, 1978, comments of Cong. Ertel).

Thus, to conclude that non-student co-makers are covered by § 523(a)(8) would expand the coverage of that provision to parties not contemplated by Congress in enacting the new Bankruptcy Code. Thus, this court agrees with Judge White in *In re Boylen* where he stated:

"[C]ongress had no intention to except a co-maker's liability on student loan debt from discharge. Such an exception would be utterly contrary to the fresh start pervasive throughout the Bankruptcy Code and the Bankruptcy Act of 1898 and the purposes for which this exception was enacted."

29 B.R. at 927.

■ Stated differently, this court views the obligation of the debtor to ACHE as other than an "educational loan." The legislative history of § 523(a)(8) and the policy

of the Bankruptcy Code lead the court to conclude that a guaranteed student loan is an educational loan only as to a student borrower.

The legislative history of § 523(a)(8) suggests that conclusion where it is stated:

First of all, Members should be aware that nothing in the provision of law today on the Ertel amendment [student loan exception to discharge] prohibits the discharge of the non-student loan debt.

124 Cong.Rec. *supra* at 469 (statement by Cong. Erlenborn)

ACHE cites two cases which reached results contrary to the decision this court makes today.

In *In re Reid,* 39 B.R. 24 (Bkrtcy.E.D. Tenn.1984), a parent was denied a discharge on a debt on which the parent had signed as maker and her student daughter had signed as co-maker. The court distinguished *Boylen* on grounds that the *Reid* debtor was maker and not co-maker, as in this case.

The other case cited by the debtor is *In re Feenstra,* 51 B.R. 107 (Bkrtcy.W.D.N.Y. 1985), which held that § 523(a)(8) applied to a parent who signed a guaranteed student loan as maker when there was no student-borrower signature. The parent did receive a discharge on hardship grounds. 11 U.S.C. § 523(a)(8)(B).

There are two factors to be noted from the cases cited by the debtor. First, both cases recognize the holding of *Boylen,* and *Boylen* is directly applicable to a case such as the case at bar. Second, it is the opinion of this court that both cases assumed that if a loan is made under a guaranteed student loan program it must be an "educational loan." That is not always the case.

■ The mother in this case did not endorse the promissory note for the purpose of furthering her education. Thus, as to the mother, the loan is not an educational loan. For the debt to be nondischargeable as to this debtor (mother), the debt must be both an educational loan and guaranteed by

the appropriate authority. The debtor's daughter signed the promissory note for the purpose of paying for her education. Were the daughter to file bankruptcy, the debt would be nondischargeable as to her. The court believes an educational loan should be nondischargeable only in a case filed under Title 11 of the Bankruptcy Code by a student debtor who borrowed money from a qualified lender under a guaranteed student loan program to pay for that student's education.

Had Congress desired to except from discharge anyone other than the student it could have easily done so. But Congress added the requirement that the debt be an educational loan as well as guaranteed by the appropriate authority. The cases cited by ACHE do not make this distinction between an educational loan and a guaranteed student loan and thus fail to give meaning to all the words of the statute.

In summary, this court holds that the debtor's obligation to the Alabama Commission on Higher Education should be included in the debtor's discharge because the exception to discharge for student loans applies only to student borrowers.

Nothing in this opinion is to be construed as an impairment of the right of the Alabama Commission on Higher Education to collect the indebtedness from the student borrower. Accordingly, judgment will enter in favor of the plaintiff debtor, Eleanor B. Bawden, and against defendants, First Southern Federal Savings and Loan Association and Alabama Commission on Higher Education.