**In the Matter of Carlos and Sonia SELMONOSKY, Debtor.**

**The EDUCATIONAL RESOURCES INSTITUTE, INC., Plaintiff,**

**v.**

**Carlos and Sonia SELMONOSKY, Defendant.**

**Bankruptcy No. A88–00697–ADK.**

**Adv. No. 88–0199A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 8, 1988.

Jesse H. Austin, III, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Jay E. Loeb, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A. DAVID KAHN, Bankruptcy Judge.

Plaintiff filed the above-styled adversary complaint to determine the dischargeability of two debts pursuant to 11 U.S.C. § 523(a)(8), which excepts from discharge debts arising out of student loans guaranteed by a governmental unit or a nonprofit institution. It is before the Court on cross-motions for summary judgment. The Court finds this matter to be a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The following facts are undisputed.

### I.

On July 23, 1986, Defendant–Debtors entered into a loan agreement with the First National Bank of Boston [hereinafter "FNB"] pursuant to which FNB agreed to loan Defendant–Debtors an aggregate amount of $15,000.00 under the Alliance Education Loan Program for the educational expenses of Defendant–Debtors' daughter, Arlene Selmonosky. Defendant–Debtors executed the note as co-signers. FNB made the loan in the principal amount of $15,000.00 with the loan proceeds being paid to Brandeis University.

On September 17, 1987, Defendant–Debtors entered into a loan agreement with

South Shore Bank [hereinafter "South Shore"] pursuant to which South Shore Bank agreed to loan Defendant–Debtors the principal amount of $46,875.00 to be used for the education expenses of Defendant–Debtors' daughter, Arlene. The loan was guaranteed by Nellie Mae, Inc. and The Education Resources Institute, Inc., Plaintiff herein. The loan proceeds were paid directly to Brandeis University. It is unclear whether Defendant–Debtors signed this note as principal borrowers or merely as co-signers, as their daughter appears to have never signed the note. *See* Exhibit B attached to Plaintiff's Statement of Material Facts as to Which There is no Genuine Issue to be Tried.

Plaintiff is a private non-profit corporation created pursuant to the laws of the State of Massachusetts. It administers a supplemental loan program providing financial assistance to and on behalf of students enrolled in programs of higher education. Plaintiff has guaranteed both the FNB loan and the South Bank loan involved in this adversary proceeding. Both loans were used for the education of Defendant–Debtors' daughter at Brandeis University. None of the loan proceeds were used by Defendant–Debtors for their own education.

## II.

Plaintiff contends that the obligations arising out of these two educational loans are nondischargeable pursuant to § 523(a)(8) of the Bankruptcy Code, which provides that a debt is nondischargeable if it is one for

an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose

an undue hardship on the debtor and the debtor's dependents.

Defendant–Debtors argue that, as to them, these loans are not educational loans within the meaning of § 523(a)(8) and that Congress never intended to make the liability of nonstudent co-signers on educational loans nondischargeable in bankruptcy.

In support of their position, Defendant–Debtors rely on a line of cases that find the liability of nonstudent co-signers to be outside the scope of § 523(a)(8). In the case of *Boylen v. First Nat'l. Bank (In re Boylen)*, 29 B.R. 924 (Bankr.N.D.Ohio 1983), the Court found that Congress had no intention to except a co-maker's liability on a student loan from discharge and that to find otherwise would undermine the fresh start policy of the Bankruptcy Code. The Court in *Washington v. Va. State Educ. Assistance Auth. (In re Washington)*, 41 B.R. 211 (Bankr.E.D.Va.1984) held that § 523(a)(8) applies only to the student borrower, finding that Congress intended to treat students differently than other debtors.

The Court in the case of *Bawden v. First So. Fed. Sav. & Loan Assoc. (In re Bawden)*, 55 B.R. 459 (Bankr.M.D.Ala.1985) defined the issue to be: "whether as to this particular debtor the loan is indeed an 'educational loan.'" 55 B.R. at 461. It held that a debt must be both an educational loan as to the debtor and a loan guaranteed by the appropriate authority. In addition to these cases, the Court has examined three other cases in which the obligation of a nonstudent co-maker on an insured educational loan was found to be dischargeable. *See Bartsch v. Wis. Higher Educ. Corp. (In re Meier)*, 85 B.R. 805 (Bankr.W.D.Wis.1986); *Northwestern Univ. Student Loan Office v. Behr (In re Behr)*, 80 B.R. 124 (Bankr.N.D.Iowa 1987); *Zobel v. Iowa College Aid Comm. (In re Zobel)*, 80 B.R. 950 (Bankr.N.D.Iowa 1986).

All of these cases rely heavily on the extensive legislative history of § 523(a)(8). It indicates that the purpose of § 523(a)(8) was to prevent abusive filings by students upon graduation. In its Report, the Com-

mission on the Bankruptcy Laws of the United States stated the following:

> Some individuals have financed their education and upon graduation have filed petitions under the Bankruptcy Act and obtained a discharge without any attempt to repay the educational loan and without the presence of any extenuating circumstance, such as illness. The Commission is of the opinion that not only is this reprehensible but that it poses a threat to the continuance of educational loan programs. The Commission, therefore recommends that, in the absence of hardship, educational loans be nondischargeable unless the first payment falls due more than five years prior to the petition.

Rep. of the Comm. on the Bankruptcy Laws of the United States, H.R.Doc. No. 93–137, 93d Cong., 1st Sess. 176–77 (footnote omitted), *reprinted in Collier on Bankruptcy,* app. vol. 2 at 176–77 (15th ed. 1988).

Significantly, the legislative history does not include any reference to the dischargeability of debts for student loans as to co-signers or endorsers. The absence of any discussion of co-signer liability has lead many courts to conclude that Congress did not intend to include co-signer, nonstudent liability for insured educational loans in the exception to discharge under § 523(a)(8). *See e.g., In re Zobel,* 80 B.R. at 951–952; *In re Bawden,* 55 B.R. at 461; *In re Boylen,* 29 Bankr. at 926.

In the case of *Barth v. Wis. Higher Educ. Corp. (In re Barth),* 86 B.R. 146 (Bankr.W.D.Wis.1988), the Court rejected the above line of cases, finding that

> [t]he language of section 523(a)(8) is broad in scope, and the exceptions to it are carefully delineated in subsections (A) and (B). This language must be regarded as the best evidence of Congressional intentions toward co-makers in the absence of any clearly expressed legislative intent to the contrary.

86 B.R. at 149.

This Court agrees with the reasoning in *In re Barth.* Section 523(a)(8) is clear and unambiguous; debts for insured student loans are nondischargeable in bankruptcy. "Absent a clearly expressed legislative intention to the contrary, the [statutory] language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Like the Court in *In re Barth,* this Court finds that there is no legislative history which would warrant a reading of § 523(a)(8) as applying only to student debtors. If Congress intended this exception to discharge to be so narrowly read, it could have easily drafted language that did not include nonstudent co-signers. Congress did not and has not by amendment done so. Therefore, this Court is compelled to find that § 523(a)(8) applies to nonstudent co-signer debtors, as well as student debtors.

Thus, the debts in question are nondischargeable in bankruptcy, and Plaintiff is entitled to summary judgment in its favor. In light of this holding, the Court does not reach the issue of whether Defendant–Debtors are primarily or secondarily liable on the loan from South Shore. In addition, as Defendant–Debtors have not raised the defense of undue hardship at this time, the Court does not address § 523(a)(8)(B).

### ORDER

In accordance with the reasoning above, IT IS THE ORDER OF THE COURT that Defendant–Debtors' Motion for Summary Judgment be, and the same hereby is, DENIED;

It is the further Order of the Court that Plaintiff's Cross Motion for Summary Judgment be, and the same hereby is, GRANTED.

An appropriate Judgment is entered contemporaneously herewith.

IT IS SO ORDERED.