**In re Bobby Daniel MARTIN and Martha E. Martin, Debtors.**

**The EDUCATION RESOURCES INSTITUTE, INC., Plaintiff,**

**v.**

**Bobby Daniel MARTIN and Martha E. Martin, Defendants.**

**Bankruptcy No. 89–71561.
Adv. No. 90–7021.**

United States Bankruptcy Court, E.D. Oklahoma.

Sept. 11, 1990.

Matthew A.P. Schumacher, Muskogee, Okl., for plaintiff.

Gerald Miller, Muskogee, Okl., for defendants.

## ORDER

JAMES E. RYAN, Chief Judge.

On this 11th day of September, 1990, the Motion for Summary Judgment filed by the Defendants herein (Docket Entry No. 9) and Brief in Support (Docket Entry No. 10) as well as Plaintiff's Response to Defendants' Motion for Summary Judgment (Docket Entry No. 11) and Brief in Support (Docket Entry No. 12) and the Motion for Summary Judgment filed by the Plaintiff herein (Docket Entry No. 13) and Brief in Support (Docket Entry No. 14) with the Response Brief in Opposition to TERI's Motion for Summary Judgment filed by the Defendants (Docket Entry No. 16) and the Brief of Education Resources Institute, Inc. (TERI) in Response to Debtors' Opposition to TERI's Motion for Summary Judgment (Docket Entry No. 17) came before this Court for consideration.

After review of the above-referenced pleadings and the applicable law, this Court does hereby enter the following Findings of Facts and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUE

The principal issue in dispute in this case is whether the loan obtained by the Defendants/Debtors for the education of their child is an "educational loan" as contemplated by the Bankruptcy Code and thus should be deemed nondischargeable in the Defendants/Debtors' bankruptcy.

## FINDINGS OF FACT

1. On July 15, 1988, the Defendants/Debtors herein entered into a Promissory Note with The Bank of New England, N.A. The loan proceeds in the amount of $10,770.00 were paid directly to The New School for Social Research for the education of the Defendants/Debtors' son.

2. The loan was guaranteed by The Educational Resources Institute ("TERI"), the Plaintiff herein. Plaintiff alleges that it is a "private, non-profit corporation created pursuant to Chapter 180 of the Massachu-setts General Laws to administer the TERI Supplemental Loan Program." Although Defendants dispute the assertion that TERI is a non-profit organization in their Answer to the Complaint, this is not brought to issue in either Motion for Summary Judgment. However, the Guaranty Agreement between TERI and The Bank of New England (attached as Exhibit B to the Plaintiff's Brief in Support of its Motion for Summary Judgment) indicates that TERI is in fact a non-profit corporation.

## CONCLUSIONS OF LAW

A. Since both parties have filed Motions for Summary Judgment and alleged the same relevant facts, we find that there is no genuine issue as to any material fact and thus this Court may resolve this matter based upon the law presented by the parties in their respective Briefs. B.R. 7056. The Defendants have alleged a hardship defense pursuant to 11 U.S.C. § 523(a)(8)(B), which this Court will preserve outside this Summary Judgment.

B. The dischargeability of education loans is addressed under the Bankruptcy Code by the provisions of 11 U.S.C. § 523(a)(8). This Section provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution ...

The exceptions to § 523(a)(8) found at subsection (A) have not been alleged; however, as stated herein, the hardship exception under subsection (B) will be preserved.

C. This Court finds itself being forced to substantially modify a position taken in a previous Order entered in the case of *James Scott Williams v. Payco General American Credits, Inc.,* Adv. No. 89–7082, addressing the issues involving the interpretation of § 523(a)(8). After further and considerable reflection, we find that the Order entered in the *Williams* case no

longer represents the position of this Court on the interpretation of § 523(a)(8).

The Plaintiff cites numerous cases in which a loan guaranteed by TERI was found be an "educational loan" and thus nondischargeable. See, for example, *The Educational Resources Institute, Inc. v. Selmonosky,* 93 B.R. 785 (Bankr.N.D.Ga. 1988); *The Educational Resources Institute, Inc. vs. Hammarstrom,* No. 3–88 0273–TC (Bankr.N.D.Ca.1988). These cases rely upon the clear language of the statute in determining the types of loans intended to be deemed nondischargeable and reject suggestions that the legislative history limits this language in any way. Defendants rely upon this Court's prior decision and the case of *In re Bawden,* 55 B.R. 459 (Bankr.N.D.Ala.1985), wherein a determination was made that when someone other than the student is obligated on a note intended for the education of the student, the loan is not an "educational loan" as to that borrower and thus does not fall within the provisions of § 523(a)(8).

Statutes promulgated by Congress should be given a literal interpretation in the actual, clear and plain meaning of the statutory language as written. *Nevada Power Company v. Watt,* 711 F.2d 913, 920 (10th Cir.1983). "Absent a clearly expressed intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). The Congressional intent reflected in the legislative history only becomes relevant when the language employed in the statute is ambiguous on its face. In the literal reading of the statute as written, all loans which may be classified as "educational loans" which are *made* by the debtor are subject to the nondischargeability provisions of § 523(a)(8). One must examine the purpose for the loan only and not the benefit that the borrower may or may not derive or the fact that the borrower is not the student obtaining the education. Since the loan must be "made" between the debtor and the institution, some question may exist as to the applicability of this reasoning to instances where the non-student debtor merely *guarantees* an educational loan, but such is not the fact in this case.

In the instant case, the obligation incurred by the Defendants/Debtors was for educational purposes, albeit for their son, and was one in which they were the sole makers. Giving the statute its literal meaning, this is precisely the type of obligation intended to be deemed nondischargeable under § 523(a)(8).

D. Much ado is given in the various opinions to the legislative history surrounding Congress' consideration in passage of § 523(a)(8). At best, the legislative history demonstrates the overall policy sought to be served by classifying these educational loans as nondischargeable under the Bankruptcy Code. Simply stated, the philosophy behind this section of the Bankruptcy Code is that "... those who take advantage of the Federal government's deliberately generous approach to granting educational loans (as well as other non-profit guarantying institutions), and later failed to repay them, should not be allowed to escape payment forever through bankruptcy." 125 Cong.Rec.H. 2759 (Daily Ed. May 7, 1979 remarks of Rep. Hyde) (parenthetical information added by Court). This overall policy can only be served by rendering all such loans as nondischargeable. Although much of the history addresses the transgressions of "student debtors," we can find no rational basis for interpreting this language as words of limitation, considering the general policy sought to be enforced, and the clear language of the statute.

Protections for the truly impoverished borrower are provided under the exceptions to § 523(a)(8) and thus, though this Court's decision may appear inequitable, in fact it is not.

In summary, we find that the obligation owed by the Defendants/Debtors herein is in fact an educational loan which was made by the Debtors and thus must be deemed nondischargeable under the clear reading of the Bankruptcy Code.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is granted. The obligation owed by the Defendants/Debtors to the Plaintiff is deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(8). Accordingly, IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by the Defendants is hereby denied.

IT IS FURTHER ORDERED that a Pre–Trial Hearing be conducted on **September 28, 1990 at 2:00 p.m.** for the purpose of preliminarily discussing the remaining evidentiary issue in this case; namely, whether the Defendants are entitled to the hardship exception provided for under 11 U.S.C. § 523(a)(8)(B).