In re Nancy Lee HUDAK, a/k/a Nancy Lee Pasko, Debtor.

Nancy Lee HUDAK, a/k/a Nancy Lee Pasko, Plaintiff,

v.

UNION NATIONAL BANK OF PITTS-BURGH and Pennsylvania Higher Education Assistance Agency, Defendants.

Bankruptcy No. 89–02368.
Adv. No. 90–0011.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 17, 1990.

David Abrams, Abrams and Mazer, Pittsburgh, Pa., for debtor.

Kevin Murphy, Pennsylvania Higher Educ. Assistance Agency, Harrisburg, Pa., for the Pennsylvania Higher Educ. Assistance Agency.

K. Lawrence Kemp, New Kensington, Pa., U.S. trustee.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is Debtor's Motion for Summary Judgment pursuant to her complaint to determine dischargeability of a debt under 11 U.S.C. § 523(a)(8). The debt arose when Debtor obtained a loan under the PLUS program of the Higher Education Act of 1965 in order to finance her non-debtor son's education. This type of education loan became available by virtue of a 1980 amendment to the Higher Education Act. *See* 20 U.S.C. § 1078–2. PLUS loans are made to parents as primary obligors and are intended solely to finance the education of their dependent children. The purpose is to "provide parents with the liquidity to pay their reasonable share of the costs of educating their children." 1980 U.S.Cong. & Ad. News 3141, 3169. It was hoped that the availability of parental loans would "encourage parents to bear more directly their expected share of a student's educational costs" rather than placing the entire burden on the students through the Guaranteed Student Loan Program. *Id.* at 3170.

Debtor asserts that, because she was not the recipient of the education, the loan represents only a general unsecured debt and not one

> for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution. . . .

11 U.S.C. § 523(a)(8). Thus she argues that it is dischargeable as a matter of law.

The fact that Debtor is not a student borrower is not controlling. The basic congressional purpose in enacting the § 523(a)(8) exception to dischargeability was to "safeguard the financial integrity of educational loan programs," *In re Reid,* 39 B.R. 24 (Bankr.E.D.Tenn.1984). *See also In re Hammarstrom,* 95 B.R. 160 (Bankr. N.D.Cal.1989). The purpose of the loan at issue was for education and it is guaranteed by the Pennsylvania Higher Education Assistance Agency. Therefore, it fits within the literal wording of § 523(a)(8).[1]

The Motion for Summary Judgment will be denied and trial on the issue of whether Debtor is entitled to a hardship discharge pursuant to § 523(a)(8)(B) will proceed as scheduled.

An appropriate order will be entered.

---

1. Debtor cites cases that hold that loans to non-student borrowers are dischargeable. *See In re Bawden,* 55 B.R. 459 (Bankr.M.D.Ala.1985); *In re Boylen,* 29 B.R. 924 (Bankr.N.D.Oh.1983). These cases dealt with parents who were comakers or endorsers of their children's loans rather than the primary obligors. Although we make no ruling on this point, we distinguish, for purposes of the matter at hand, between debtors who are secondarily liable and those such as Debtor herein who are primary obligors.