In re Virginia M. PELKOWSKI a/k/a Virginia M. Dodd, Debtor.

Virginia M. PELKOWSKI, Plaintiff,

v.

OHIO STUDENT LOAN COMMISSION, the Loan Servicing Center and James K. McNamara, Trustee, Defendants.

Bankruptcy No. 90–00759E.
Adv. No. 91–0003.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 6, 1992.

Gary H. Nash, Erie, Pa., for debtor.

Jay M. Patterson, Columbus, Ohio, for Ohio Student Loan Com'n.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Issue

The issue is whether a parent-debtor who has co-signed with her child a note for an educational loan for the child, may be discharged without showing undue hardship under 11 U.S.C. § 523(a)(8). We hold that the debt should be discharged.

### Facts

The Debtor signed two promissory notes as co-maker for student loans in which her son, Michael A. Pelkowski, was the maker and student for which the proceeds of the notes were to be used. The present liability on such notes as of April 23, 1991 was $3,817.12.

Plaintiff–Debtor also signed four promissory notes as co-maker for student loans in which her daughter, Christine M. Pelkowski, was the maker and student for which the proceeds of the notes were to be used.

The present liability on such notes as of April 23, 1991 was $7,163.74.

Plaintiff–Debtor also signed one promissory note as the sole maker for a loan, the proceeds of which were to be used for the educational expenses of her daughter, Christine M. Pelkowski. The balance on this note is $1,388.89. Plaintiff–Debtor concedes that this obligation is not dischargeable.

### Discussion

11 U.S.C. § 523(a)(8) provides that an educational loan made or insured or guaranteed by a governmental unit may not be discharged unless, under sub-paragraph (A), the loan first became due more than five years (more than 7 years by amendment effective November 15, 1990) before the bankruptcy filing, or unless, under sub-paragraph (B), excepting the debt from discharge will impose an undue hardship on the debtor and the debtor's dependents.

It is conceded that the debts did not become due five years or seven years before the filing of the bankruptcy petition. The Debtor also concedes that she cannot meet the standards of "undue hardship." The issue then is whether the debts are discharged automatically, as with other debts, or whether in these circumstances the debtor must meet the tests of undue hardship.

The authorities appear to be divided.

The following cases allow the discharge of a co-signer of an educational loan for a student without regard to § 523(a)(8)(A) or (B):

*In re Boylen,* 29 B.R. 924 (Bankr. N.D.Ohio 1983);

*In re Washington,* 41 B.R. 211 (Bankr. E.D.Va.1984);

*In re Bawden,* 55 B.R. 459 (Bankr. M.D.Ala.N.D., 1985);

*In re Meier,* 85 B.R. 805 (Bankr. W.D.Wis.1986);

*In re Zobel,* 80 B.R. 950 (Bankr. N.D.Iowa 1986);

*In re Behr,* 80 B.R. 124 (Bankr.N.D.Iowa 1987).

The following cases deny discharge of a co-signor of an educational loan for a student unless the co-signor can qualify under § 523(a)(8)(A) or (B):

*In re Barth,* 86 B.R. 146 (Bankr. W.D.Wis.1988);

*In re Selmonosky,* 93 B.R. 785 (Bankr. N.D.Ga.1988);

*In re Taylor,* 95 B.R. 550 (Bankr. E.D.Tenn.1989).

The following cases seem to have uniformly held that where the educational loan was to a parent, where *only* the parent signed the note, and the student did not sign as an obligor, the parent could obtain a discharge from the educational loan only by showing that he came within the exceptions of § 523(a)(8)(A) or (B):

*In re Reid,* 39 B.R. 24 (Bankr.E.D.Tenn. 1984);

*In re Feenstra,* 51 B.R. 107 (Bankr. W.D.N.Y.1985);

*In re Hammarstrom,* 95 B.R. 160 (Bankr.N.D.Cal.1989);

*In re Hudak,* 113 B.R. 923 (Bankr. W.D.Pa.1990);

*In re Martin,* 119 B.R. 259 (Bankr. E.D.Okla.1990).

In the case of the direct loan to the parent-debtor in the case at bench, where only the parents signed and the student did not sign, the debtor here concedes that the debt is not dischargeable.

Recognizing the split of authority as to the notes wherein the parent co-signed as co-maker with the student, we elect to follow the line of cases led by Judge White's decision in *In re Boylen, supra,* based upon the reasoning therein.

To that reasoning we would only add that the provision of § 523(a)(8)(A) seems to be clearly directed at students. The apparent theory is that if a student, having completed his education, still finds it necessary to file bankruptcy seven years after his graduation, then it is not likely that he has used bankruptcy to flout or abuse the educational loan system. The seven years' delay before being entitled to an automatic discharge appropriately prevents a student from using student loans to obtain an education leading to a high paying profession, and then dumping the loan obligation by filing a quick bankruptcy at the threshold of his employment career. The provision is well conceived to meet its objective (although the reasons for extending the five years to seven years seem somewhat obscure). Such a time critical analysis seems to be totally inapplicable to a parent/co-signer who is middle aged. It may therefore be presumed that Congress did not intend those criteria to apply to a parent/co-signer.

For the above reasons, we will grant the discharge of the student loans on which the debtor was the co-maker.