**In re Fred B. WILCON, Debtor.**

**The EDUCATION RESOURCES, INC., Plaintiff,**

v.

**Fred B. WILCON, Defendant.**

**Bankruptcy No. 90–17115–CJK. Adv. No. A91–1150.**

United States Bankruptcy Court, D. Massachusetts.

Jan. 27, 1992.

Fred B. Wilcon, pro se.

Sydelle Pittas, for plaintiff.

---

MEMORANDUM OF DECISION AND
ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

In this adversary proceeding, the Plaintiff, The Education Resources, Inc. ("TERI"), seeks a declaration that the debt owed to it by the Defendant and Debtor, Fred B. Wilcon, is excepted from discharge by 11 U.S.C. § 523(a)(8). At the pretrial conference held in this adversary proceeding on October 7, 1991, the Court ordered TERI to present by motion for summary judgment certain discrete issues on which it bears the burden of proof. The first is whether the loan at issue here can be an educational loan within the meaning of § 523(a)(8) where the Debtor was neither the recipient of nor the primary obligor on the loan, but merely its guarantor.

With respect to this issue, the parties agree on the underlying facts. The loan in question financed the education of the Debtor's son, not of the Debtor himself. The son signed the loan agreement as its primary obligor, and the Debtor cosigned as a guarantor. The Debtor later filed a petition under Chapter 7 of the Bankruptcy Code.

The Debtor argues that a loan is "educational" within the meaning of § 523(a)(8) only with respect to the student for whose benefit the loan was made. TERI argues that § 523(a)(8) contains no such limitation:

as long as the loan is educational with respect to someone, not necessarily the debtor, it falls within the scope of § 523(a)(8). Courts are divided on this issue.[1]

Section 523(a)(8) uses the term "educational loan" but does not define it.[2] The term does not have a plain meaning: that is, the words themselves do not permit us to conclude that as between the parties' competing interpretations, one is obviously correct and the other obviously wrong. The term clearly encompasses loans made to further a debtor's own education, but it is not clear what other types of loans it includes. Not everything that in any sense can be labelled "educational" would qualify. For example, a loan made to finance the purchase of a piano, which enables the borrower to practice and to give lessons to others, has two educational purposes, but most would hesitate to say that it comes within the meaning of § 523(a)(8). The term is ambiguous and does not on its face resolve the present issue.

Nor does the legislative history clarify our understanding of the statute's intended scope. The statements in the legislative history do not either expressly or implicitly address the present issue. Various legislators made statements evincing an intent to address the problem of *student* debtors, but they were silent as to whether they meant also to deny dischargeability to non-student obligors on student loans.[3] It

1. See *In re Hammarstrom,* 95 B.R. 160, 162 n. 2 (Bankr.N.D.Cal.1989) for a list of the cases on this issue. In addition to *Hammarstrom* and the cases it lists, see *In re Taylor,* 95 B.R. 550 (Bankr.E.D.Tenn.1989); *In re Hudak,* 113 B.R. 923 (Bankr.W.D.Pa.1990); and *In re Martin,* 119 B.R. 259 (Bankr.E.D.Okl.1990).

2. In relevant part, § 523(a)(8) reads as follows:
   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
   (8) for an educational loan.
   11 U.S.C. § 523(a)(8) (as amended by Pub.L. 99–554, Title II, §§ 257(n), 281, 283(j), October 27, 1986, 100 Stat. 3115–3117). Section 523(a)(8) has been amended since the Debtor filed his bankruptcy petition, but the amendment has not altered the relevant language, and, in any case, the Court must apply the law as it existed when the Debtor filed his petition under Chapter 7.

3. The legislative history contains the following statement by Representative Erlenborn:
   First of all, Members should be aware that nothing in the provision of law today on the Ertel amendment [creating the student loan exception to discharge] prohibits the discharge of the nonstudent loan debt.
   124 Cong.Rec. H469 (daily ed. February 1, 1978) (statement of Rep. Erlenborn). One court has cited this as support for the proposition that Congress understood the exception from discharge to apply only to student debtors. See *In re Bawden,* 55 B.R. 459, 461 (Bankr.M.D.Alabama 1985). This Court disagrees. It is not clear what Representative Erlenborn meant by "nonstudent loan debt." But even if his meaning were clear, his statement alone would be inadequate evidence of legislative intent.

would be inappropriate to construe their silence either as an indication that they did not mean for the exception to reach nonstudent debtors or as an indication that they did not mean to restrict the meaning of the term "educational loan." At least in this instance, silence is opaque, not affirmative evidence of legislative intent.

Nor do policy considerations help to resolve the issue. Some courts have placed substantial weight on the goal, articulated by some legislators, of "safeguard[ing] the financial integrity of educational loan programs by limiting the instances in which such obligations can be discharged in bankruptcy." *In re Hammarstrom*, 95 B.R. 160, 164 (Bankr.N.D.Cal.1989). While it is true that this goal would be served by barring discharge of nonstudent obligations on student loans, *id.*, we have no evidence that Congress needed or intended to go this far to achieve its policy objective. On the other side of the debate, other courts have emphasized the Bankruptcy Code's policy of affording the Debtor a fresh start, but this begs the question. As many courts have noted, an exception from discharge is by nature a limitation on the fresh start policy. The question is whether Congress meant to impose this limitation.

In the absence of firm guidance in the statute, its legislative history, or its policy considerations, the Court cannot but resort to the rule of construction that exceptions from discharge are to be construed narrowly. Accordingly the Court holds that a loan is "educational" within the meaning of § 523(a)(8) only with respect to the student for whose benefit the loan was made. The obligations of nonstudent obligors on such loans are not excepted from discharge.

In view of this ruling, TERI is entitled to no relief under any state of facts that could be proved in support of its complaint. Therefore, TERI's motion for summary judgment must be denied, and judgment should enter for the Debtor as a matter of law. Judgment will enter accordingly.