**4**

Fred B. Wilcon, pro se.

Sydelle Pittas, Powers & Hall, Boston, Mass., for appellee.

### MEMORANDUM AND ORDER OF REMAND

HARRINGTON, District Judge.

This is an appeal from a Final Judgment and Order of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.

Plaintiff, the Education Resources Institute, Inc. (TERI), a non-profit institution, petitions this Court to reverse the ruling of the Bankruptcy Court that Section 523(a)(8) of the Bankruptcy Code providing for the nondischargeability of "*any* debt" for an educational loan "made under *any* program funded in whole or in part by a governmental unit or nonprofit institution," does not apply to the debt of a parent for a loan taken to pay his son's college tuition, and

**In re Fred B. WILCON, Debtor.**

**The EDUCATION RESOURCES INSTITUTE, INC., Plaintiff–Appellant, Cross–Appellee**

v.

**Fred B. WILCON, Defendant–Appellee, Cross–Appellant.**

**Civ. A. No. 92–10858–H.**

United States District Court, D. Massachusetts.

May 18, 1992.

to vacate the judgment discharging the debt.

On or about March 6, 1991, TERI filed a complaint in the Chapter 7 proceeding of Fred B. Wilcon ("Wilcon") to establish the nondischargeability of a debt incurred by Wilcon for a loan he had taken to finance the education of his son.

Wilcon asserted the following defenses: (1) Section 523(a)(8) did not apply to the debt Wilcon assumed because it was for the education of his son, not for his own education; and (2) if Section 523(a)(8) did apply, the debt should be discharged pursuant to Section 523(a)(8)(B), permitting discharge where repayment of the debt would cause a debtor and his dependents undue hardship.

On or about October 7, 1991, the parties appeared before the Bankruptcy Court for a pretrial conference, where the Court directed TERI to move for summary judgment on its contention that Wilcon's debt was nondischargeable. TERI filed its motion papers on or about November 25, 1991; Wilcon filed his opposition memorandum, and TERI replied. TERI also specially requested oral argument in light of the importance to the educational community of the issue involved.

On December 27, 1991, Wilcon was discharged from all dischargeable debts, except the TERI debt by operation of law, because the adversary proceeding was still pending. On January 27, 1992, 135 B.R. 709, without having heard argument on the motion for summary judgment, the Bankruptcy Court issued a Memorandum and Decision ruling that Section 523(a)(8) applies only to a debtor who was the student for whose education the debt was incurred, and judgment was entered declaring Wilcon's debt to TERI to be discharged. On February 6, 1992, TERI filed its notice of appeal of the judgment.

This Court rules that it is erroneous to limit the provisions of 11 U.S.C. § 523(a)(8) to loans made only to students, and Wilcon's debt to TERI, incurred to educate his son, meets the criteria of nondischargeability under that statute. The plain language of 11 U.S.C. § 523(a)(8) mandates that *any*

debt incurred by *an individual debtor* for an educational loan made under a program funded in part by a non-profit institution is nondischargeable in a bankruptcy proceeding, unless not discharging the debt would cause undue hardship to the debtor and his dependents. *In re Varma* (N.D.Tex.1992) (Civil Action No. 3–91–CV–1907–R); *In re Martin*, 119 B.R. 259, 261 (Bankr.E.D.Okla. 1990); *In re Hudak*, 113 B.R. 923 (Bankr. W.D.Pa.1990); *In re Taylor*, 95 B.R. 550 (Bankr.E.D.Tenn.1989); *In re Hammarstrom*, 95 B.R. 160, 164 (Bankr.N.D.Cal. 1989); *Matter of Selmonosky*, 93 B.R. 785, 787 (Bankr.N.D.Ga.1988); *Matter of Barth*, 86 B.R. 146, 148 (Bankr.W.D.Wis.1988); *In re Feenstra*, 51 B.R. 107, 111; *In re Reid*, 39 B.R. 24, 26 (Bankr.E.D.Tenn.1984).

The judgment of the Bankruptcy Court must be reversed, and this case is remanded to the Bankruptcy Court to conduct a hearing to determine whether not discharging the debt would cause undue hardship to the debtor and his dependents.

SO ORDERED.