**In re James A. KIRKISH and Carol M. Kirkish, Debtors.**

**James A. KIRKISH, Plaintiff,**

**v.**

**MERITOR SAVINGS BANK, Defendant.**

**Bankruptcy No. HM 91–90370, Adv. No. 92–9008.**

United States Bankruptcy Court, W.D. Michigan.

Aug. 19, 1992.

Donald W. Bays, Osstyn, Bays, Ferns & Quinnell, Marquette, Mich., for plaintiff.

## OPINION GRANTING DISCHARGE TO PARENT/CO–MAKER OF STUDENT LOAN

LAURENCE E. HOWARD, Bankruptcy Judge.

This opinion embodies in written form the bench decision rendered on July 29, 1992, and for the reasons stated herein the Debtor's obligation to Meritor Savings Bank is declared to be dischargeable.

An adversary proceeding was brought by the Plaintiff, James A. Kirkish, to determine under 11 U.S.C. § 523(a)(8) the dischargeability of a parent/co-maker's obligation on a note for a student loan. The Plaintiff also moves for entry of a default judgment because the Defendant, Meritor Savings Bank, has failed to appear and offer a defense in this proceeding. Entry of a Default Judgment is proper under FED.R.BANKR.P. 7055. For the reasons that follow this court also finds a substantive basis for discharging the Plaintiff's debt.

■ At issue is whether a non-student parent who is a co-maker on his child's educational loan may be discharged despite the statutory prerequisites otherwise imposed on students under 11 U.S.C. § 523(a)(8).

Previous cases have ruled on this issue with many concluding that the student loan exception to discharge is intended to apply only to students and not to co-makers. *See Pelkowski v. Ohio Student Loan Comm'n (In re Pelkowski)*, 135 B.R. 254 (Bankr. W.D.Pa.1992); *Northwestern Univ. Student Loan Office v. Behr (In re Behr)*, 80 B.R. 124 (Bankr.N.D.Iowa 1987); *Bartsch v. Wis. Higher Educ. Corp. (In re Meier)*, 85 B.R. 805 (Bankr.W.D.Wis.1986); *Zobel v. Iowa College Aid Comm'n (In re Zobel)*, 80 B.R. 950 (Bankr.N.D.Iowa 1986); *Bawden v. First S. Fed. Sav. & Loan Ass'n (In re Bawden)*, 55 B.R. 459 (Bankr. M.D.Ala.1985); *Washington v. Va. State Educ. Assistance Auth. (In re Washington)*, 41 B.R. 211 (Bankr.E.D.Va.1984); *Boylen v. First Nat'l Bank of Akron (In re Boylen)*, 29 B.R. 924 (Bankr.N.D.Ohio 1983). Other courts have read the statute strictly, without consideration of the overall legislative intent, and have not discharged non-student co-signers of educational loans. *See Educ. Resources Inst., Inc. v. Wilcon (In re Wilcon)*, 143 B.R. 4 (D.Mass.1992); *Educ. Resources Inst., Inc. v. Martin (In re Martin)*, 119 B.R. 259 (Bankr.E.D.Okla.1990); *Taylor v. Tenn. Student Assistance Corp. (In re Taylor)*, 95 B.R. 550 (Bankr.E.D.Tenn.1989); *Barth v. Wis. Higher Educ. Corp. (In re Barth)*, 86 B.R. 146 (Bankr.W.D.Wis.1988); *Educ. Resources Inst., Inc. v. Selmonosky (In re Selmonosky)*, 93 B.R. 785 (Bankr.N.D.Ga. 1988).

Section 523(a)(8) provides that a debt is nondischargeable in bankruptcy where the debt is:

· for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment pe-

riod) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

The Debtor does not argue that either of the exceptions listed above apply to this proceeding. Rather, the Debtor contends that the exception to discharge does not encompass parents who co-sign their children's educational loans.

The literal language of 11 U.S.C. § 523(a)(8) does not appear to limit itself to the student debtor only. There is no explicit removal of either the parents or spouse of a student debtor from its reach and the language of the statute refers to a debt, perhaps any type of debt or liability, for an educational loan. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.' *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)." *United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

██ I believe that this is one of those rare cases. The legislative history, clearly focussing on the student's non-dischargeability, compels a narrow interpretation of what constitutes an educational loan so as not to include co-makers or co-signers within 11 U.S.C. § 523(a)(8). Furthermore, a court must narrowly construe exceptions to discharge against the creditor and in favor of the debtor, thus effectuating the fresh start principle of the Code. *ITT Fin. Serv. v. Long (In re Long),* 124 B.R. 54, 56 (Bankr.N.D.Ohio 1991).

In a recently decided case, the Sixth Circuit comments that the legislative history to 11 U.S.C. § 523(a)(8) teaches "that the exclusion of educational loans from the discharge provisions was designed to remedy an abuse by students who, immediately upon graduation, filed petition for bankruptcy and obtained a discharge of their educational loans." *Andrews University v. Merchant (In re Merchant),* 958 F.2d 738, 740 (6th Cir.1992) (citing H.R.REP. No. 595, 95th Cong., 1st Sess. (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787). Although not deciding the issue presented in this matter, the Sixth Circuit's comment illustrates the legislative intent to remedy abuse by student debtors.

Legislative history suggests Congress was motivated by the idea that *students* who receive the benefit of educational loans should not be able to use the bankruptcy laws to avoid the responsibility of repayment. *See* H.R.REP. No. 595, 95th Cong., 1st Sess. 133 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6094. Throughout the legislative history, reference is continually made to potential abuse by student debtors and "at no point does the legislative history refer to this debt being nondischargeable as against co-makers or co-debtors liable on the debt." *In re Boylen,* 29 B.R. at 926. Instead, the legislative history alludes to the fact that co-makers are generally not required on educational loans. *Id.* "[U]nlike commercial transactions where credit is extended based on the debtor's collateral, income, and credit rating, student loans are generally unsecured and based solely upon the belief that the student-debtor will have sufficient income to service the debt following graduation." *In re Merchant,* 958 F.2d at 740.

Clearly, the purpose of the statute is to except educational loans to students from discharge, and not to parents who are in a different economic position and period of their lives. The co-maker does not have the same motivations as a student fresh out of college with nothing to lose but student loan debt. The parent/co-maker generally has many other debt obligations besides being liable on an educational loan. It is unlikely that a parent will want or be able to exact the same sort of abuses on the educational system as a student recently finished with college or graduate studies.

For these reasons, I conclude that the Debtor shall not remain liable as a co-maker of the student loan debt, but may be discharged in bankruptcy despite the statu-

tory prerequisites otherwise imposed on students under 11 U.S.C. § 523(a)(8).