**In re Thomas A. DULL and Karen D. Dull, Debtors.**

**Thomas A. DULL and Karen D. Dull, Plaintiffs,**

**v.**

**OHIO STUDENT LOAN COMMISSION, Defendant.**

**Bankruptcy No. B91–10115.
Adv. No. B91–1137.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Aug. 28, 1992.

Lawrence J. Courtney, Medina, Ohio, for plaintiffs, debtors.

Jay Patterson, Columbus, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Under consideration is the motion for summary judgment filed by Defendant, Ohio Student Loan Commission, and Plaintiff–Debtors' brief in opposition.

Plaintiff–Debtors filed a complaint to determine dischargeability of student loans pursuant to Section 523(a)(8) of the United States Bankruptcy Code. An agreed judgment entry of November 25, 1991 provides for non-dischargeability of Plaintiff–Debtor, Karen D. Dull's liability on various student loans. Plaintiff–Debtor, Thomas A. Dull's liability as maker of a note signed March 17, 1984 was determined to be discharged. In addition, the entry provides:—

"The parties further agree that the only issue remaining is whether or not THOMAS DULL is dischargable (sic) from his obligation as cosigner on the loans signed by KAREN D. DULL. The parties stipulate that THOMAS DULL did cosign certain loans, but they disagree as to whether or not he is liable on her loans as a cosigner and that a further determination is necessary by the Court on said issue.

The parties further agree that no Trial is necessary as no factual issues are in dispute and the parties propose to file joint

Motions for summary judgment as to the remaining issue of law."

Defendant's motion for summary judgment was filed accordingly, and is a core proceeding within the jurisdiction of the Court. 28 U.S.C. §§ 1334, 157(a), (b)(2)(I) (1988).

The parties stipulate the following facts:—

1. Plaintiff, Thomas A. Dull, signed one promissory note as co-maker for student loans in which Plaintiff, Karen D. Dull, was the maker and student for which the proceeds of the notes were to be used.

2. The liability for the note referred to in Item 1 is $3,250.60 plus interest at the note rate of nine percent from May 11, 1992.

3. The loans subject to this adversary proceeding are educational loans made, insured or guaranteed by a governmental unit.

4. The educational loan signed by Plaintiff, Thomas A. Dull, as co-maker did not first become due more than the required number of years set forth in 11 U.S.C. Section 523(a)(8)(A).

5. Excepting the debt of co-maker, Thomas A. Dull, from discharge would not impose an undue hardship upon the Debtors' and Debtors' dependents.

6. There are no disputed questions of fact.

7. The sole issue of law to be decided is whether a non-student obligor in bankruptcy must prove the exceptions to non-dischargeability contained in 11 U.S.C. Section 523(a)(8) in order to have the liability discharged.

In addition, the Court finds:—

8. Plaintiff–Debtors filed their petition under Chapter 7 of the United States Bankruptcy Code on January 8, 1991.

Section 523(a)(8) of the Bankruptcy Code provided for the non-dischargeability of debt:—

"for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents ..."

11 U.S.C. § 523(a)(8) (1988)

Amendments to this section were enacted November 15, 1990, but include an effective date provision for 180 days after enactment and, therefore, are inapplicable to the within case filed January 8, 1991. 11 U.S.C. § 523(a)(8) (1990 Supp. II). The parties dispute applicability of this section to Plaintiff, Thomas A. Dull's liability as co-maker for student loans for his wife's education. Stipulations address the elements of non-dischargeability under Section 523(a)(8). Plaintiff, Thomas Dull, cannot establish exceptions to non-dischargeability delineated therein. The sole issue is whether he, as a non-student debtor, is required to prove the exceptions to non-dischargeability. Since there are no genuine issues of material fact on this legal issue, summary judgment is appropriate. Fed.R.Bank.Proc. 7056.

There is case authority for inapplicability of Section 523(a)(8) to non-student debt for educational loans. In *Boylen v. First National Bank of Akron*, 29 B.R. 924 (Bankr.N.D.Ohio 1983) the court indicated the language of the section was not limited to student debtors. By reference to legislative history, however, that court concluded such interpretation would frustrate the legislative intent to prevent abuse of student loan programs by those seeking a fresh start by filing bankruptcy upon graduation. This view is adopted by various courts. See *Pelkowski v. Ohio Student Loan Commission*, 135 B.R. 254 (Bankr. W.D.Pa.1992) rev'd No. 92–54 ERIE, slip op. (W.D.Pa. May 19, 1992), *Northwestern University Student Loan Office v. Behr*, 80 B.R. 124 (Bankr.N.D.Iowa 1987), *Zobel v. Iowa College Aid Commission*, 80 B.R. 950 (Bankr.N.D.Iowa 1986), *Bawden v. First Southern Federal Savings and*

*Loan Assoc.*, 55 B.R. 459 (Bankr.M.D.Ala.1985), *Washington v. Virginia State Education Assistance Authority*, 41 B.R. 211 (Bankr.E.D.Va.1984).

This Court, however, concurs with the cases which conclude the language of Section 523(a)(8) is all inclusive, and the fact a debtor received no educational benefit from the loans does not exclude him from its provisions. See *Pelkowski v. Ohio Student Loan Commission*, No. 92–54 ERIE, slip op. (W.D.Pa. May 19, 1992), *Educational Resources, Inc. v. Selmonosky*, 93 B.R. 785 (Bankr.N.D.Ga.1988) aff'd. No. 1:39–CV–351–HTW (N.D.Ga. May 18, 1989), *Education Resources Institute, Inc. v. Martin*, 119 B.R. 259 (Bankr.E.D.Okla.1990), *Hudak v. Union National Bank of Pittsburgh*, 113 B.R. 923 (Bankr.W.D.Pa.1990), *Taylor v. Tennessee Student Assistance Corp.*, 95 B.R. 550 (Bankr.E.D.Tenn.1989), *Education Resources Institute, Inc. v. Hammarstrom*, 95 B.R. 160 (Bankr.N.D.Calif.1989), *Barth v. Wisconsin Higher Education Corp.*, 86 B.R. 146 (Bankr.W.D.Wisc.1988), *Feenstra v. New York State Higher Education Services Corp.*, 51 B.R. 107 (Bankr.W.D.N.Y.1985).

The plain language of Section 523(a)(8) does not limit applicability to educational loans on which the student is the obligor. The section does, however, delineate exceptions to non-dischargeability of educational loans based on length of time the loan has been due and undue hardship. The section, therefore, applies to all educational loan debt whether the obligor under the promissory note is a student or not.

The legislative history supports this all inclusive interpretation of Section 523(a)(8). It demonstrates a policy served by classifying educational loans as non-dischargeable under the Bankruptcy Code. Furthermore, a major purpose in enacting the section was to preserve financial integrity of educational loan programs by limiting circumstances in which such obligations can be discharged in bankruptcy. *Education Resources Institute, Inc. v. Martin*, supra, *Education Resources Institute, Inc. v. Hammarstrom*, supra. In addition, the 1990 amendments to Section 523(a)(8) ex-

tended the time a loan must have been due to be dischargeable from five to seven years. This extension manifests an intent to make discharge of educational loans more difficult. All these legislative purposes are supported by the applicability of Section 523(a)(8) to non-student obligors on educational loans.

 Section 523(a)(8) applies to Debtor's liability as co-maker on the promissory note for student loans used for his wife's education. This debt is non-dischargeable pursuant to the terms of that section. Defendant's motion for summary judgment is, therefore, granted.