**In re Connie E. MACKEY, Debtor.**

**Connie E. MACKEY, Plaintiff,**

v.

**NEBRASKA STUDENT LOAN PROGRAM, INC., Defendant.**

Bankruptcy No. 192–10026–7.
Adv. No. 192–1030.

United States Bankruptcy Court,
N.D. Texas,
Abilene Division.

April 13, 1993.

———

Quanah Parker, Abilene, TX, for debtor.

Marc McBeath, Law Office of Marc McBeath, Abilene, TX, for Nebraska Student Loan Program, Inc.

## MEMORANDUM OF OPINION ON STUDENT LOAN

JOHN C. AKARD, Bankruptcy Judge.

Connie E. Mackey (Debtor) seeks a determination that her liability on a student loan made for the benefit of her son, James Mackey, is discharged in her bankruptcy proceeding. Subject to certain limitations, student loans are excepted from a debtor's discharge under § 523(a)(8) of the Bankruptcy Code.[1] This court concludes that § 523(a)(8) does not differentiate between parents and students, and thus, the debt is not discharged.[2]

### STATUTE

The pertinent portions of § 523 read as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

2. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(a) and (b)(2)(*l*).

## FACTS[3]

The parties stipulated that the note in question first became due within seven years of the Debtor's bankruptcy filing and that excepting this debt from the discharge would not impose an undue hardship on the Debtor or the Debtor's dependents. The Debtor as "Borrower" and her son, James Mackey, as "Endorser," both signed ·the loan application and note dated July 6, 1989. The application reflected that James would attend a school known as Concho Career Institute. The note was in the original principal amount of $4,000.00.

The parties stipulated that the only issue was whether the § 523(a)(8) exception to discharge for student loans applied to a "non-student co-maker or maker."

## DISCUSSION

The parties cited two 1992 cases in support of their positions. The Debtor pointed to *Kirkish v. Meritor Sav. Bank (In re Kirkish)*, 144 B.R. 367 (Bankr.W.D.Mich. 1992), which held that the exception to discharge is intended to apply only to students and not to co-makers. The creditor pointed to *Dull v. Ohio Student Loan Comm'n (In re Dull)*, 144 B.R. 370 (Bankr.N.D.Ohio, 1992), which held that the language of § 523(a)(8) is all-inclusive and the fact a debtor received no educational benefit from the loan did not excuse her from the provisions of that section. Both courts cited numerous cases on each side of this issue. The parties did not cite, nor has the court found, any Fifth Circuit authority on this issue.

The *Kirkish* court based its decision upon the legislative history and its interpretation of Congressional intent. The *Dull* court pointed out that Congress reviewed this section on more than one occasion and could easily have limited nondischargeability to students had it wished to do so. This court agrees with the *Dull* court's analysis when it said:

The plain language of Section 523(a)(8) does not limit applicability to educational loans on which the student is the obligor. The section does, however, delineate exceptions to non-dischargeability of educational loans based on length of time the loan has been due and undue hardship. The section, therefore, applies to all educational loan debt whether the obligor under the promissory note is a student or not.

*Id.* at 372.

In what appears to be the first circuit court decision on this issue, the Third Circuit recently rejected a parent's claim that § 523(a)(8) does not apply to her as co-maker on loans for her children's education. *Pelkowski v. Ohio Student Loan Comm'n (In re Pelkowski)*, 990 F.2d 737 (3d Cir.1993). The court noted that the statute does not refer to "student debtors" but limits the discharge of any "individual debtor" for "any debt" for covered educational loans. The fact that the student was the maker of the loan and the debtor the co-maker does not change the result. The court concluded that the policy of the statute can only be served by rendering all such loans nondischargeable.

## CONCLUSION

Finding the *Dull* analysis persuasive, the court concludes that the Debtor's liability on the above described note is not discharged.[4]

---

3. The Court adopts the parties' Stipulation of Facts filed March 4, 1993 and will state only such facts as are necessary to a decision.

4. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. This Memorandum will be published.