In re Surendra K. VARMA and Kamlesh Varma, Debtors.

The EDUCATIONAL RESOURCES INSTITUTE, INC., Plaintiff,

v.

Surendra K. VARMA and Kamlesh Varma, Defendants.

Civ. A. No. 3–91–CV–1907–R.

Bankruptcy No. 390–37678–RCM–7.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 23, 1992.

OPINION AND ORDER

BUCHMEYER, District Judge.

This is an appeal by Debtors of Adversary Proceeding No. 391–3076 held in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in which the Honorable Robert C. McGuire found Debtors' debt to The Educational Resources Institute, Inc. (TERI) to be nondischargeable as an educational loan under the Bankruptcy Code 11 U.S.C. § 523(a)(8). The issue before this Court on appeal is whether Debtors' indebtedness to TERI is a nondischargeable educational loan under section 523(a)(8) of the Code even though the proceeds of the loan were used to fi-

nance their son's education rather than their own.

### Analysis

Section 523(a)(8) provides:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this Title, does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded, in whole or in part, by a governmental unit or non-profit institution.

The meaning of this provision is clear. Educational loans guaranteed by a governmental unit or funded by a nonprofit organization are nondischargeable. Clearly, Debtors' loan meets the second criteria: It is guaranteed by TERI, a private, nonprofit corporation created under the laws of Massachusetts as part of a student loan program. Debtors challenge Judge McGuire's determination that the loan qualifies as educational.

 The relevant inquiry into the applicability of this section is the purpose of the loan, not the beneficiary of the education.[1] In this case, there is no dispute that the loan was used for the education of Debtors' son. Accordingly, the Court agrees with Judge McGuire's conclusion that Debtors' obligation fits squarely within the literal meaning of section 523(a)(8).[2] Pointing to various provisions in the legislative history, Debtors argue that Congress did not intend to include nonstudents within the scope of section 523(a)(8). The Court disagrees. Although various comments on the bill discuss the need to curtail abuse by students of the government's generosity in granting educational loans, the Court finds no congressional intent to limit the nondischargeability exception to student borrowers alone, especially in cases like this one where the debtors are the sole makers and primary obligors on the note.

---

1. *In re Martin,* 119 B.R. 259, 261 (Bankr. E.D.Okl.1990).

2. *See also Id.; In re Hudak,* 113 B.R. 923 (Bkrtcy.W.D.Pa.1990); *In re Taylor,* 95 B.R. 550 (Bkrtcy.E.D.Tenn.1989); *In re Hammarstrom,* 95 B.R. 160 (Bkrtcy.N.D.Cal.1989).

For the foregoing reasons, the Court affirms the findings of the Bankruptcy Court.

SO ORDERED.