**In re Deborah A. JAMES, Debtor.**

**Deborah A. JAMES, Plaintiff,**

v.

**UNITED STUDENT AID FUNDS, INC., Defendant.**

Bankruptcy No. 97–15038–H7.
Adversary No. 98–90017–H7.

United States Bankruptcy Court,
S.D. California.

Oct. 20, 1998.

Mark I. Jackman, Santa Ana, CA, for Defendant.

Ned Lynch, San Diego, CA, for Plaintiff.

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether 11 U.S.C. § 523(a)(8) applies to a non-student debtor who is the sole obligor on the note evidencing an educational loan. Plaintiff Deborah A. James ("Debtor") and defendant United Student Aid Funds, Inc. ("USAF") both moved for summary judgment.

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### FACTS

The facts are undisputed. In August 1994, Debtor's daughter enrolled at Manhattan College in Riverdale, New York as a first year student. In September 1994, Debtor took out a $6000 Federal Plus Loan ("Plus Loan") to assist her daughter with her education. In January 1996, Debtor took out a second Plus Loan in the amount of $11,450. Debtor was the sole obligor on both Plus Loans. In January 1997, Debtor consolidated both Plus Loans into a Smart Loan via Sallie Mae. The consolidated loan amount is to be paid back through graduated payments over a period of fifteen years.

In October 1997, Debtor filed her bankruptcy petition. In January 1998, Debtor filed this adversary complaint against Sallie Mae to determine whether the educational loans were dischargeable. In February 1998, Sallie Mae assigned its interest to USAF. USAF responded to Debtor's complaint.

### DISCUSSION

#### A. STANDARD FOR SUMMARY JUDGMENT.

■ Rule 56(c) of the Federal Rule Civil Procedure ("FRCP") made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, provides that summary judgment:

[S]hall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[1] and that the moving party is entitled to a judgment as a matter of law.

FRCP 56(c).

■ Where the parties agree on all of the material facts relevant to the issue raised by the motion for summary judgment, the case can be resolved as a matter of law and summary judgment is the proper procedural device. *Ferguson v. Flying Tiger Line, Inc.*, 688 F.2d 1320 (9th Cir.1982).

#### B. DISCHARGEABILITY OF EDUCATIONAL LOANS UNDER SECTION 523(a)(8).

Section 523(a)(8) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or an obligation to re-

---

1. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence favoring the non-moving party must be more than "merely colorable." *Id.* When the moving party has carried its burden under the rule, its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Essentially, the question in ruling on a motion for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

pay funds received as an educational benefit, scholarship, or stipend, unless—

(A) such loan, benefit scholarship, or stipend overpayment first became due before more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

Debtor contends that 11 U.S.C. § 523(a)(8) is inapplicable to her because she is a third party borrower and not a beneficiary of the educational loans. Debtor contends that the legislative intent of § 523(a)(8) shows that it was meant to stop abuse by students who have obtained the benefits of the loans, and who, shortly after graduating, file bankruptcy. Debtor argues that she is not committing fraud and that it would be inequitable to place the burden of loan repayment on parties such as her who have received no benefits from the loan. Debtor cites numerous cases in support of her position. *In re Kirkish*, 144 B.R. 367 (Bankr.W.D.Mich.1992); *In re Meier*, 85 B.R. 805 (Bankr.W.D.Wis.1986); *In re Behr*, 80 B.R. 124 (Bankr.N.D.Iowa 1987).

USAF contends that the plain language of § 523(a)(8) indicates it is not limited to educational loans only on which the student is the obligor. In addition to preventing abuse by students, USAF also points out that Congress enacted this section to safeguard the financial integrity of educational loan programs. Finally, USAF contends that none of the exceptions to the nondischargeability of the educational loans apply in this case. Under the first exception, an educational loan may be dischargeable if "such loan ... first became due before more than 7 years ... before the date of the filing of the petition." 11 U.S.C. § 523(a)(8)(A). Debtor's loan was disbursed on January 23, 1997, and Debtor filed her bankruptcy petition on October 9, 1997. Therefore, the first exception to § 523(a)(8) does not apply. Under the second exception, an educational loan may be dischargeable if "excepting such debt from discharge ... will impose an undue hardship

on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8)(B). Debtor concedes that she cannot meet the standards of undue hardship. Thus, the second exception to § 523(a)(8) is inapplicable as well.

There is no Ninth Circuit case that has decided whether an educational loan signed solely by the student's parent is nondischargeable pursuant to 11 U.S.C. § 523(a)(8). Nonetheless, the arguments advanced by both the Debtor and USAF have been analyzed by a number of courts. The majority of cases addressing the dischargeability of an educational loan vis-a-vis a non-student debtor have involved co-makers, accommodation makers, or guarantors of student loans. Several courts have held that the exception to the discharge of student loans applies to co-signers, guarantors or non-students, even if they did not receive any educational benefits, *see In re Salter*, 207 B.R. 272, 274 (Bankr. M.D.Fla.1997) (citations omitted), while other courts, including those cited by Debtor, have found the opposite. *Id.* (citations omitted). However, these cases are distinguishable from the present case in that they involve co-makers, accommodation makers, or guarantors. Here, Debtor is the sole obligor.

 "The starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). The Court finds that there is no requirement in § 523(a)(8) that the loans be for the direct educational benefit of the borrower. In analyzing the exception to discharge under this section, the focus should be on the nature of the debt and the lender rather than on the status of the debtor. *See In re Owens*, 161 B.R. 829 (Bankr.D.Neb. 1993); *In re Hammarstrom*, 95 B.R. 160 (Bankr.N.D.Cal.1989).

In addition, the Court finds that the legislative history of § 523(a)(8) may be relevant when the statute is ambiguous. However, no such ambiguity exists in this case. *In re Berg*, 188 B.R. 615, 621 (1995) *aff'd* 121 F.3d 535 (9th Cir.1997) ("In interpreting statutes in this [the bankruptcy] field we avoid resort-

ing to legislative history where the statute is not overtly ambiguous."); *In re MacIntyre,* 74 F.3d 186, 188 (9th Cir.1996)(if statute is clear, resort to legislative history is inappropriate).

Even if this Court were to consider the legislative history, it "offers no basis for not enforcing the literal language of § 523(a)(8) to bar the discharge of educational loans signed by a student's parent." *Hammarstrom,* 95 B.R. at 163. The *Hammarstrom* court noted:

> First, there is no clear evidence in the legislative history that Congress intended otherwise nondischargeable educational loans to be dischargeable merely because the maker of the promissory note is some-one other than the student. Neither the floor debates nor the legislative history contain a single word about non-student obligors. Although there are occasional references in the legislative history to non-student co-makers, these references state only that co-makers are generally not required on educational loans.
>
> Second, the legislative history reveals that a major purpose of Congress in enacting section 523(a)(8) was to safeguard the financial integrity of educational loan programs by limiting the instances in which such obligations can be discharged in bankruptcy. This goal is served by barring discharge of educational loans signed by parents. A loan program is affected just as much when a parent discharges a loan as when a student discharges a loan. Third, even if Congress' primary goal in enacting section 523(a)(8) was to prevent abusive discharge of educational loans by students, barring discharge of educational loans signed by parents does not interfere with that goal. The mere fact that the statutory language extends the effect of the statute beyond the primary goal enunciated by Congress is not a valid reason not to give the statutory language full effect.

*Id.* Congress has had ample opportunity to amend the statute to include new exceptions such as that urged by the Debtor here. In 1990, Congress amended the statute to extend the limitations period set forth in § 523(a)(8)(A) from five to seven years. Although Congress could have amended the statute to exclude non-student debtor obligors at that time as well, it did not do so.

The language of § 523(a)(8) is broad in scope, and the exceptions to it are carefully delineated in subsections (A) and (B). A broad reading of the applicability of § 523(a)(8) is also consistent with the extension of that provision to Chapter 13 bankruptcies filed after November 5, 1990. Accordingly, Debtor's motion for summary judgment is denied.

Because Debtor has conceded none of the exceptions set forth in § 523(a)(8) apply to her, USAF's motion for summary judgment is granted.

### CONCLUSION

The Court finds that 11 U.S.C. § 523(a)(8) applies to non-student debtors who are the sole obligors on an educational loan. The Court also finds that none of the exceptions delineated in the statute apply to the Debtor. Therefore, the debt at issue is nondischargeable.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. USAF is directed to file with this Court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.