**In re Elton PRYOR & Rebecca Pryor, Debtor.**

**Elton Pryor & Rebecca Pryor, Plaintiff,**

**v.**

**H & W Recruiting Enterprises, L.L.C., Defendant.**

**Bankruptcy No. 98–10013.**

**Adversary No. 99–5029.**

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

June 8, 1999.

Richard Walker, Lexington, for Debtor/Plaintiff.

John T. Cheadle, Jr., Nashville, for Creditor.

William L. Guy, Jackson, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER RE COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

G. HARVEY BOSWELL, Bankruptcy Judge.

The Court conducted a trial in this matter on April 1, 1999. FED. R. BANKR. P. 7001. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. After reviewing the testimony from the trial and the record as a whole, the Court makes the following findings of facts and conclusions of law. FED. R. BANKR. P. 7052.

### I. FACTS

Debtor Elton Pryor ("Pryor") co-signed a student loan for James Donald Byas, Jr., who attended and received truck-driving training at the creditor's for-profit, privately-owned, trade school. To finance Mr. Byas' training and education, the debtor co-signed a retail installment contract and promissory note in the original princi-

pal amount of $4,200.00. The student, James Byas, Jr., received his training, graduated, and became employed at White House Trucking, earning his living with the skills gained with the creditor's training. Byas eventually defaulted on the loan agreement and H & W Recruiting Enterprises, L.L.C., ("H & W"), filed suit against Byas and the debtor to collect the debt.

Pryor, filed a chapter 13 petition in bankruptcy on June 5, 1998. Although H & W was not initially scheduled in the debtor's petition, the debtor amended and now has included this debt in his bankruptcy. The debtors have filed a complaint to determine dischargeability of the loan under 11 U.S.C. § 523(a)(8). In their complaint, the debtors contend that the debt should be discharged because the lender was neither insured nor guaranteed by a governmental unit nor a non-profit organization. On May 13, 1999, the parties entered into an agreed order lifting the co-debtor stay against James Donald Byas, Jr.

## II. CONCLUSIONS OF LAW

Section 523(a)(8) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

11 U.S.C. § 523(a)(8). In the case at bar, the debtor has not alleged that excepting the debt from discharge will impose an undue hardship on him.

In the case of *Kirkish v. Meritor Savings Bank (In re Kirkish)*,[1] the bankruptcy court for the Western District of Michigan was faced with the issue of whether or not § 523(a)(8) applied to co-makers of student loans. After looking to the Sixth Circuit case of *Andrews University v. Merchant (In re Merchant)*,[2] the *Kirkish* court concluded that § 523(a)(8) did not apply to co-makers/co-signers on student loan debts. In reaching this decision, the Michigan court relied on comments that the *Merchant* court had made about the legislative history of § 523(a)(8): "the exclusion of education loans from the discharge provisions was designed to remedy an abuse by students who, immediately upon graduation, filed petition [sic] for bankruptcy and obtained a discharge of their education loans." *Merchant*, 958 F.2d at 740. Based on this interpretation of the legislative history, the *Kirkish* court concluded that the Sixth Circuit would not bar discharge of a student loan against a co-maker of the loan. As a result, the *Kirkish* court discharged the student loan obligation against the co-maker debtor.

This Court agrees with this interpretation of the applicability of § 523(a)(8) to co-maker debtors. As a result, the debt owing to H & W by the debtor is hereby discharged.

## III. ORDER

It is therefore **ORDERED** that the debt owed to H & W Recruiting Enterprises, L.L.C., by the debtor is **DISCHARGED**. **IT IS SO ORDERED.**

---

1. 144 B.R. 367 (Bankr.W.D.Mich.1992).

2. 958 F.2d 738, 740 (6th Cir.1992).