**In re Maggie L. HAMBLIN.**

**Maggie L. Hamblin, Plaintiff,**

**v.**

**Educational Credit Management Corporation, Defendant.**

**Bankruptcy No. 00–01332JEE.
Adversary No. 01–0088JEE.**

United States Bankruptcy Court,
S.D. Mississippi.

April 9, 2002.

S. David Pickett, Jackson, MS, for Debtor.

W. McCollum Halcomb, Birmingham, AL, for Defendant.

## FINDINGS OF FACT AND CONCLU-SIONS OF LAW ON MOTION FOR SUMMARY JUDGMENT

EDWARD ELLINGTON, Chief Judge.

This matter is before the Court on the *Motion for Summary Judgment* filed by the Defendant, Educational Credit Management Corporation (ECMC), and the *Response* thereto filed by the Debtor, Maggie L. Hamblin. The Court, having considered the *Motion* and *Response,* along with the exhibits and briefs filed by the parties, concludes for the reasons that follow that the *Motion for Summary*

*Judgment* is well taken and should be granted.

## FINDINGS OF FACT

ECMC is the holder of six Parent Loans for Undergraduate Students ("PLUS" loans) which the Debtor executed between 1994 and 1998.[1] The Applications and Promissory Notes for each of the "PLUS" loans reflect that the Debtor is the sole obligor on the loans. The undisputed purpose of the loans was to finance the college education of the Debtor's daughter. None of the "PLUS" loans were used to further the Debtor's education in any manner.

On March 15, 2000, the Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code.[2] On June 22, 2000, the Debtor received her individual *Discharge of Debts.*

Subsequent to the Debtor's discharge, she began receiving notices that the "PLUS" loans were in default. Consequently, she reopened her bankruptcy case and filed this adversary proceeding on April 30, 2001. In her *Complaint to Determine Dischargeability of Debt,* the Debtor essentially maintains that 11 U.S.C. § 523(a)(8) does not preclude the discharge of student loans obtained or cosigned by a non-student debtor who received no funds or educational benefit from the student loan proceeds.

ECMC filed a *Response* to the Debtor's *Complaint* and a *Motion for Summary Judgment* pursuant to Federal Rule of

---

1. The Debtor executed "PLUS" loans which were disbursed on the following dates:
   August 30, 1994 and December 15, 1994, totaling $4000;
   December 15, 1994, totaling $3597;
   August 11, 1995 and December 15, 1995, totaling $3500;
   October 4, 1996 and December 10, 1996, totaling $9763;
   November 7, 1997 and December 31, 1997, totaling $7500; and

   October 28, 1998, totaling $4250.
   Each of the "PLUS" loans was guaranteed by United Student Aid Funds, Inc. and was subsequently assigned to ECMC.

2. Hereinafter, all code sections refer to the United States Bankruptcy Code located at Title II of the United States Code unless otherwise noted.

Bankruptcy Procedure 7056. ECMC does not dispute that the student loans were made for the educational benefit of the Debtor's daughter. ECMC, however, takes the position that pursuant to the plain language of § 523(a)(8), the Debtor may not discharge the "PLUS" loans.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

Rule 56 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7056, provides that in order for a court to sustain a motion for summary judgment, the court must find that "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Bankr.P. 7056(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–34, 106 S.Ct. 2548, 2552–58, 91 L.Ed.2d 265 (1986). Additionally the court must view the available evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538, 553 (1986).

### III.

As stated previously, the Debtor in this case argues that § 523(a)(8) does not preclude discharge of the "PLUS" loans because she did not attend school nor did she receive any educational benefit from the loans. ECMC argues that the loans are nevertheless non-dischargeable pursuant to the plain language of § 523(a)(8). Section 523(a)(8) provides, in pertinent part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8).

"When interpreting a statute the court must begin, and often end, with the plain language of the statute." *Kentucky Higher Educ. Assistance Auth. v. Norris (In re Norris),* 239 B.R. 247 (Bankr. M.D.Ala.1999). Where the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Palmer v. Student Loan Fin. Corp. (In re Palmer),* 153 B.R. 888, 894 (Bankr.D.S.D.1993) (citing *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). "[T]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Id.* at 894. Thus, if the plain meaning of the statute is clear, resort to its legislative history is neither necessary or proper. *In re Norris,* 239 B.R. at 253.

The Fifth Circuit has not specifically addressed the issue of whether § 523(a)(8) differentiates between a student loan obli-

gor who is the beneficiary of the loan and a student loan obligor who is not the beneficiary of the loan. However, the Fifth Circuit recently determined that "it is the purpose, not the use, of the loan that controls" whether the student loan is within Bankruptcy Code's educational loan dischargeability exception. *Murphy v. Pennsylvania Higher Educ. Assistance Agency (In re Murphy)*, 282 F.3d 868, 869 (5th Cir.2002); *see also Educational Res. Inst., Inc. v. Varma (In re Varma)*, 149 B.R. 817, 818 (N.D.Tex.1992) ("The relevant inquiry into the applicability of [§ 523(a)(8)] is the purpose of the loan, not the beneficiary of the education.").

ECMC contends that the plain language of the statute excepts educational loans from discharge regardless of whether the Debtor is a student or a parent. The majority of courts which have considered the matter have concurred with the position asserted by ECMC and have concluded that student loans obtained by a parent for the educational benefit of a child are non-dischargeable. *See Clark v. Educational Credit Mgmt Corp. (In re Clark)*, 273 B.R. 207 (Bankr.N.D.Iowa 2002) (discharge exception governing student loan debt applies to educational loan made to parent of student when parent is sole obligor); *Lawson v. Sallie Mae, Inc. (In re Lawson)*, 256 B.R. 512 (Bankr.M.D.Fla. 2000) (loan excepted from discharge even though debtor was non-student co-obligor who received no educational benefit from loan); *In re Norris*, 239 B.R. 247 (section 523(a)(8) does not differentiate between debtor who is loan beneficiary and debtor who is parent of loan beneficiary); *Stein v. Bank of New England (In re Stein)*, 218 B.R. 281 (Bankr.D.Conn.1998) (court unable to afford relief to non-student debtor because § 523 does not distinguish between student and non-student obligors); *James v. United Student Aid Funds, Inc. (In re James)*, 226 B.R. 885 (Bankr.

S.D.Cal.1998) (finding that § 523(a)(8) applies to non-student debtors who are sole obligors on educational loan); *Salter v. Educational Res. Inst., Inc. (In re Salter)*, 207 B.R. 272 (Bankr.M.D.Fla.1997) (determining that under § 523(a)(8), proper focus should be on kind of debt involved rather than how money was spent or who was borrower); *Karben v. Elsi (In re Karben)*, 201 B.R. 681 (Bankr.S.D.N.Y.1996) (finding that language of § 523(a)(8) does not refer to student debtor, but applies to individual debtor for any debt); *Uterhark v. Great Lakes Higher Educ. Corp. (In re Uterhark)*, 185 B.R. 39 (Bankr.N.D.Ohio 1995) (stating there is nothing in language of § 523(a)(8) which limits its application to recipient of educational benefits); *Education Res. Inst., Inc. v. Garelli (In re Garelli)*, 162 B.R. 552 (Bankr.D.Or.1994) (concluding that under § 523(a)(8), proper focus is on particular kind of debt involved rather than how money was spent or nature of debtor); *In re Palmer*, 153 B.R. 888 (section 528(a)(8) applies to non-student debtors); *Mackey v. Nebraska Student Loan Program, Inc. (In re Mackey)*, 153 B.R. 34 (Bankr.N.D.Tex.1993) (relying on *Dull v. Ohio Student Loan Comm'n (In re Dull)*, 144 B.R. 370 (Bankr.N.D.Ohio 1992) (language of § 523(a)(8) is all-inclusive and fact that debtor received no educational benefit from loan did not excuse her from provisions of that section)); *In re Pelkowski*, 990 F.2d 737 (3rd Cir.1993) (holding that obligation debtor incurred for her children's education was educational loan within meaning of statutory exception to discharge and that exception applies to both debts of student borrowers and to obligations incurred by their non-student co-obligors); *In re Varma*, 149 B.R. 817 (Congress did not intend to limit dischargeability exception to student borrowers, especially in cases where debtor is sole maker and primary obligor of note);

*Owens v. Nebraska Higher Educ. Loan Program, Inc. (In re Owens)*, 161 B.R. 829 (Bankr.D.Neb.1993) (exception to discharge for student loans does not require that debtor be student or that loans must be for direct educational benefit of borrower); *Medford Sav. Bank v. Flibotte (In re Flibotte)*, 1993 WL 816068 (Bankr.D.Mass. 1993) (plain language of § 523(a)(8) contains no reference or distinction based upon debtor's status as borrower). *See also Education Res. Inst., Inc. (In re Wilcox)*, 143 B.R. 4 (D.Mass.1992); *Webb v. Student Loan Funding Corp. (In re Webb)*, 151 B.R. 804 (Bankr.N.D.Ohio 1992); *In re Koeppen*, 1991 WL 544026 (Bankr.D.Or.1991); *Education Res. Inst., Inc. v. Martin (In re Martin)*, 119 B.R. 259 (Bankr.E.D.Okla.1990); *Hudak v. Union National Bank of Pittsburgh (In re Hudak)*, 113 B.R. 923 (Bankr.W.D.Pa. 1990); *Taylor v. Tennessee Student Assistance Corp. (In re Taylor)*, 95 B.R. 550 (Bankr.E.D.Tenn.1989); *Education Res. Inst., Inc. v. Hammarstrom (In re Hammarstrom)*, 95 B.R. 160 (Bankr.N.D.Cal. 1989); *Barth v. Wisconsin Higher Educ. Corp. (In re Barth)*, 86 B.R. 146 (Bankr. W.D.Wis.1988); *Educational Res. Inst., Inc. v. Selmonosky (In re Selmonosky)*, 93 B.R. 785 (Bankr.N.D.Ga.1988); *Feenstra v. New York State Higher Educ. Serv. Corp. (In re Feenstra)*, 51 B.R. 107 (Bankr. W.D.N.Y.1985).

Some courts, however, have found that the plain language of the statute is ambiguous and have agreed with the Debtor that parties who do not receive any educational benefit from student loans should be able to discharge them. Essentially, those courts, while admitting that the statute's plain language is not limited to student debtors, have found that the congressional intent and legislative history of § 523(a)(8) reveal an intent to curb abuse of educational loan programs by *students* who seek a discharge of student loan debts

immediately after graduation. *Palmer v. Student Loan Finance Corp. (In re Palmer)*, 153 B.R. 888, 890 (Bankr.D.S.D.1993). Those courts further reason that applying the non-limiting language to non-student debtors would frustrate that specific intent. *Id. See, e.g., Pryor v. H & W Recruiting Enter., LLC (In re Pryor)*, 234 B.R. 716 (Bankr.W.D.Tenn.1999) (exception to discharge for student loan did not apply to non-student co-obligor on loan); *Kirkish v. Meritor Sav. Bank (In re Kirkish)*, 144 B.R. 367 (Bankr.W.D.Mich.1992) (exception to discharge for student loan did not apply to non-student parent who cosigned child's educational loan); *Northwestern Univ. Student Loan Office v. Behr (In re Behr)*, 80 B.R. 124 (Bankr.N.D.Iowa 1987) (scope of § 523(a)(8) does not include Chapter 7 debtor father's liability as non-student cosigner of loan for his son); *Bartsch v. Wisconsin Higher Educ. Corp. (In re Meier)*, 85 B.R. 805 (Bankr. W.D.Wis.1986) (endorser of student loan for debtor who was primary maker of loan should not fall within exception of § 523(a)(8)); *Zobel v. Iowa College Aid Comm'n (In re Zobel)*, 80 B.R. 950 (Bankr. N.D.Iowa 1986) (section 523(a)(8) was intended to apply only to student debtors, not to non-student cosigners); *Washington v. Virginia State Educ. Assistance Auth. (In re Washington)*, 41 B.R. 211 (Bankr. E.D.Va.1984) (cosigners who were not students and did not directly benefit by making of educational loan not covered by § 523(a)(8)); *Boylen v. First National Bank of Akron (In re Boylen)*, 29 B.R. 924 (Bankr.N.D.Ohio 1983) (holding § 523(a)(8) applicable only to student debtor and not to any cosigners on debt).

Therefore, courts on one side of the issue "believe the statute is meant to be 'all-inclusive,' and on the other are courts that believe the statute is meant to apply to student debtors only." *In re Palmer,*

153 B.R. at 894. The crux of the problem lies with two constructions of the statute using the plain meaning rule which states, as noted, that the plain meaning of legislation should be conclusive unless the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. *Id.*

"Courts favoring the all-inclusive approach find the statutory language of Section 523(a)(8) unambiguous since reference is simply made to the nondischargeability of an educational debt." *In re Palmer,* 153 B.R. at 894–895. "There is no reference made to borrower status." *Id.* at 895. That is, § 523(a)(8) excepts from discharge "an *individual* debtor from any *debt*" stemming from a government guaranteed educational loan.[3] 11 U.S.C. § 523(a)(8) (emphasis added). One court has interpreted this language as follows:

> The introductory language of Section 523(a)(8), plainly read or reasonably interpreted, clearly suggests that educational loans are nondischargeable regardless of whether the borrower was the student. Section 523(a)(8) does not refer to 'student debtor' but applies to limit discharge of any 'individual' debtor from 'any debt' for a covered educational loan. The statutory language is unambiguous and draws no distinction whatsoever between student and non-student obligors. Nor does the statutory language distinguish between non-student co-makers and non-student sole makers.

*In re Stein,* 218 B.R. at 286 (citations omitted); *see also In re Norris,* 239 B.R. at 251 (quoting *In re Barth,* 86 B.R. at 149) ("The statutory language draws no distinction between obligors on an educational loan. The plain meaning of the statute strongly suggests that educational

loans are nondischargeable whether the named borrower is a student or not."); *In re Pelkowski,* 990 F.2d at 741 ("We find no support in the statutory language for any distinction based on the status of the borrower as student or beneficiary of the education.").

Other courts refuse to apply the non-limited language to non-student debtors believing the plain meaning rule is inapplicable where it "yields absurd consequences and where 'there is an alternative interpretation that reasonably effects the statute's purpose.'" *In re Palmer,* 153 B.R. at 895 (citing *Mangels v. United States,* 828 F.2d 1324, 1329 (8th Cir.1987)). Those courts reason that the legislative intent is frustrated and that absurd results are produced when § 523(a)(8) is applied to non-student and co-maker liability because non-students and co-makers are not the persons Congress intended to except from dischargeability in bankruptcy. *See In re Palmer,* 153 B.R. at 895. Such "rationale suggests there is ambiguity in the silence of Section 523(a)(8) that requires the Court to go beyond the statutory language and look toward congressional intent in the hope that the Court will conclude the statute was designed to target debtors because they are students, rather than debtors because they owe student loan debt." *In re Palmer,* 153 B.R. at 895.

▮ This Court, however, finds no ambiguity in the language of the statute. The unambiguous language of § 523(a)(8) states that a discharge under § 727 "does not discharge an individual debtor from any debt" for an educational program described in its provision. "There is simply no distinction that an individual debtor's status as borrower, be it maker, co-maker,

---

**3.** It is undisputed that the "PLUS" loans involved in this case qualify as educational

loans within the meaning of § 523(a)(8).

spouse of a student, or parent of a student, negates the nondischargeability of the educational debt or automatically casts that type of debtor outside the realm of Section 523(a)(8)." *In re Palmer,* 153 B.R. at 895 (citing *In re Pelkowski,* 990 F.2d at 741). "Without question, the focus of Section 523(a)(8) is on the particular type of debt, not the type of debtor." *In re Palmer,* 153 B.R. at 895 (citing *In re Barth,* 86 B.R. at 148); *see also In re Norris,* 239 B.R. at 251 ("By its plain terms ... the statute qualifies a debtor only to the extent that he must be an individual, without regard to the individual debtor's status.").

■ Furthermore, "[c]ourts have emphasized two purposes when analyzing § 523(a)(8): (1) preventing undeserving debtors from abusing educational loan programs by declaring bankruptcy immediately after graduating; and (2) preserving the financial integrity of the loan system." *In re Murphy,* 282 F.3d at 873; *see also In re Dull,* 144 B.R. at 372 ("A major purpose in enacting the section was to preserve financial integrity of educational loan programs by limiting circumstances in which such obligations can be discharged in bankruptcy."). Consequently, Congress' purpose to preserve the integrity of the student loan programs is furthered by not discharging debts of student loan obligors, regardless of their status. *In re Norris,* 239 B.R. at 253.

Based on the foregoing, the Court concludes that the plain language of § 523(a)(8) and the preservation of the financial integrity of the student loan system support the use of an all-inclusive approach to those persons affected by § 523(a)(8). Application of that approach to the case at bar reveals that the Applications and Promissory Notes for each of the "PLUS" loans clearly establish that the Debtor is the sole obligor on each of the loans even though she was not the student

who received the benefit of the loans. Moreover, the "PLUS" loans are educational in nature and are guaranteed by the government. Accordingly, the Court finds that the "PLUS" loans obtained by the Debtor are nondischargeable.

Additionally, the Debtor contends that she was led to believe she was a cosigner on the loans rather than the sole obligor and that her belief constitutes a material fact precluding the entry of summary judgment. As discussed previously, a minority of courts have concluded that cosigners who do not receive any educational benefit from the student loans may discharge their liability for the loans in bankruptcy. However, "[b]y definition, a cosigner or co-maker is one who formally agrees to undertake the financial duties of the maker if a default arises." *In re Palmer,* 153 B.R. at 896. Thus, keeping in mind the purpose of the "PLUS" loans, the goals sought to be accomplished by § 523(a)(8), and the rationale of the cases supporting the all-inclusive approach adopted above, the Court reasons that even if the Debtor were a cosigner on the loans rather than the sole obligor, her co-maker liability would be encompassed in the realm of § 523(a)(8). *See In re Stein,* 218 B.R. at 286 ("[T]he statutory language [does not] distinguish between non-student co-makers and non-student sole makers."); *In re Pelkowski,* 990 F.2d at 743 ("If Congress had intended that section 523(a)(8) not apply to non-student co-makers of educational loan debt, we assume that it would have so stated."); *In re Dull,* 144 B.R. 370 (section 523(a)(8) applied to non-student debtor's liability as co-maker on promissory note for student loans used for wife's education); 4 *Collier on Bankruptcy,* ¶ 523.14[1] (Matthew Bender, 15th Ed. Rev.2001) (based on purposes of § 523(a)(8), some courts have held that the liability of a non-student co-obligor of a

guaranteed education loan, such as the student's parent, is not dischargeable under § 523(a)(8)). Accordingly, assuming arguendo that the Debtor was indeed a cosigner on the student loans, the Court would agree with the majority view and find that she should not be relieved of the student loan obligation on the basis that she was a cosigner. Consequently, her erroneous belief that she was a cosigner on the "PLUS" loans would not constitute a material fact precluding summary judgment.[4]

### CONCLUSION

For the foregoing reasons, the Court finds that the "PLUS" loans obtained by the Debtor for the benefit of her daughter are non-dischargeable pursuant to § 523(a)(8). The Court further finds that the *Motion for Summary Judgment* filed by the Defendant, ECMC, is well taken and should be granted.

---

4. As a point of clarification, the Court finds only that the student loans obtained by the Debtor are non-dischargeable pursuant to § 523(a)(8). The Court makes no findings nor issues any opinion as to any affirmative defenses that the Debtor may raise in regard to ECMC's efforts to collect on any indebtedness owed to it.